IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| HAROLD J. HENDERSON and CAROL SUE HENDERSON, | * * * | |
| Plaintiffs, | * | |
| v. | * | No. 4:18cv00403-JJV |
| | * | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1; CONSECO BANK INC.; FRANKLIN CREDIT MANAGEMENT CORPORATION, | * * * * * * * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

Plaintiffs Harold J. Henderson and Carol Sue Henderson, husband and wife, bring this action seeking declaratory and injunctive relief and to quiet title. (Doc. No. 2.) They contend Defendants' non-judicial foreclosure action against their property is barred by the applicable statute of limitations; Plaintiffs seek a declaratory judgment to that effect, a permanent injunction prohibiting the sale of their property, damages for the alleged slander of their credit, and that title be quieted in them. (*Id*. at 4.) Defendants Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank"), and Franklin Credit Management Corporation ("Franklin") have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiffs' claims. (Doc. Nos. 14-16.) Plaintiffs have filed their own Motion for Summary Judgment. (Doc. Nos. 17-19.) Responses and Replies have been submitted (Doc. Nos. 27-29, 30-32, 35, 36), and this

matter is ripe for a decision. After careful review, and for the following reasons, I find summary judgment in Defendants' favor is appropriate. Defendants' Motion for Summary Judgment (Doc. No. 14) is GRANTED; Plaintiffs' Motion for Summary Judgment (Doc. No. 17) is DENIED; and Plaintiffs' Complaint (Doc. No. 2) is DISMISSED.

**II.   FACTS**

In January 1999, Plaintiffs executed a promissory note in favor of Defendant Conseco Bank, Inc., in the original principal amount of $25,000.00. (Doc. No. 15 at 18-23.) The first payment on the loan was due on March 1, 1999, with payments continuing monthly until the maturity date of February 1, 2019. (*Id*. at 18.) The debt was secured by a mortgage granting Conseco Bank and its successors and assigns a lien on Plaintiffs' real property at 100 Williams Ranch Road in Conway, Arkansas. (*Id*. at 24-29.) Deutsche Bank became the beneficiary of the note and mortgage through a series of assignments, and Franklin services the loan on Deutsche Bank's behalf. (*Id*. at 15-16, 30-35.)

In November 2004, Plaintiffs filed for Chapter 7 bankruptcy protection. (*Id*. at 48.) Their debts, including the loan at issue here, were discharged in bankruptcy in February 2005. (*Id*. at 50-52.) Thereafter, Franklin sent multiple letters to Plaintiffs informing them they must continue to make their regular monthly mortgage payments if they intended to retain their property. (Doc. No. 31 at 14-37.) The letters explained that, although Plaintiffs' obligation to pay the debt had been discharged in bankruptcy, the lender retained an enforceable lien. (*Id*.) These letters were sent to Plaintiffs every few months, beginning in June 2006 and continuing until December 2016. (*Id*.) Many offered to restructure Plaintiffs' obligation and allow them to make payments "in a manner consistent with [their] present financial situation." (*Id*.) Plaintiffs made some payments after entry of the discharge order, but their last payment was made in November 2006.

(Doc. No. 15 at 16, 36-40.)

On August 21, 2017, Defendants notified Plaintiffs by letter that they were exercising the optional acceleration clause in the mortgage,[1] effective that date. (*Id.* at 42-43.) On April 2, 2018, Defendants sent Plaintiffs a "Mortgagee's Notice of Default and Intention to Sell," notifying them that a foreclosure sale had been scheduled for June 20, 2018. (*Id.* at 44-45.)

Plaintiffs filed their Complaint in the Circuit Court of Faulkner County on May 31, 2018. (Doc. No. 2 at 1.) The action was removed to this Court on June 15, 2018. (Doc. No. 1 at 1.) In the Complaint, Plaintiffs contend the limitations period expired in 2009, five years from the filing of their bankruptcy petition in 2004. (Doc. No. 2 at 3.) In addition to the requests for relief described above, Plaintiffs requested a temporary restraining order prohibiting Defendants from conducting the non-judicial foreclosure sale on June 20, 2018. (Doc. No. 2 at 2-3.) That request is now moot, as the sale was cancelled as of June 18, 2018. (Doc. No. 6 at 6-7.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

---

[1] The optional acceleration clause reads as follows, in pertinent part: "Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Mortgagor is in default. At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter." (Doc. No. 15 at 26-27.)

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV. ANALYSIS

Plaintiffs acknowledge (Doc. No. 28 at 2) that Defendants' lien against their property survived the bankruptcy. *See Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (stating a Chapter 7 discharge extinguishes only the personal liability of the debtor, and a creditor's right to foreclose on the mortgage "survives or passes through the bankruptcy"). Additionally, the parties agree that the statute of limitations for this cause of action is five years. *See* Ark. Code Ann. § 16-56-111(a) ("Actions to enforce written obligations . . . shall be commenced within five (5) years after the cause of action shall accrue."); Ark. Code Ann. § 4-3-118(a) ("[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within five (5) years after the due date or dates stated in the note or, if a due date is accelerated, within five (5) years after the accelerated due date."). The parties only disagree as to when the cause of action

accrued.

According to Mr. and Mrs. Henderson, the claim accrued either when they filed bankruptcy in November 2004, when their debts were discharged in February 2005, or when they made their last payment on the note in November 2006.  (Doc. No. 18 at 2.)  They argue any one of these events constituted a breach of the contract, which commenced the running of the statute of limitations.  (*Id.*)  In support of this argument, they cite cases stating the general rule that a cause of action ordinarily accrues when the liability becomes complete.  *E.g.*, *Rock Island Plow Co. v. Masterson*, 96 Ark. 446, 132 S.W. 216, 217 (1910).  Under the general rule, defaulting on a mortgage payment can trigger the running of the statute of limitations in certain circumstances – namely, in situations where "performance of a duty under a contract is contemplated, any non-performance of that duty is a breach."  *Burch v. HSBC Bank*, Case No. 4:15CV00036-KGB, 2016 WL 1305918, at 4 (Mar. 31, 2016) (citing *Zufari v. Architecture Plus*, 323 Ark. 411, 420, 914 S.W.2d 756, 761 (1996)).

However, Defendants argue, and the Court agrees, that liability in this case was not yet complete at the time of the bankruptcy filing and discharge.  That is because the mortgage contained an optional acceleration clause, which Defendants did not exercise until August 21, 2017.  (Doc. No. 15 at 26-27.)  Under Arkansas law, if a mortgage contains an optional acceleration clause, "the statute of limitation does not begin to run until the mortgagee has declared the forfeiture."  *Hodges v. Dilatush*, 199 Ark. 967, 136 S.W.2d 1018, 1020 (1940); *see also Mitchell v. Fed. Land Bank of St. Louis*, 206 Ark. 253, 174 S.W.2d 671, 676 (1943) (when an acceleration clause is optional, "the creditor has the privilege of declaring the acceleration").  The caselaw is clear that an optional acceleration clause like the one in this case grants the mortgagee the right to accelerate the debt and make the mortgagor's liability complete:

5

> The acceleration clause in the note was for the benefit of the payee, and while he could, he was not required to take advantage of it, and when the note and mortgage are construed together it seems clear to us that it was optional with the mortgagee, and that the failure to make payments did not, of itself, start the statute of limitations to running, especially when the mortgage contained a clause which was clearly optional.

*Hodges v. Taft*, 194 Ark. 259, 106 S.W.2d 605, 607 (1937). The right to accelerate "is exercised by the *unilateral act of the creditor*." *Mitchell*, 206 Ark. 253, 174 S.W.2d at 676 (emphasis added). Notably, it is not exercised by any act of the debtor, including the filing of a bankruptcy action. *See Edmundson v. Bank of America*, 194 Wash. App. 920, 932, 378 P.3d 272, 278 (Wash. Ct. App. 2016) (an optional acceleration clause "is an option to be exercised by the lender, not something triggered by events in bankruptcy proceedings"). Thus, under the controlling weight of authority, Defendants' exercise of the optional acceleration clause on August 21, 2017, completed Plaintiffs' liability and commenced the running of the statute of limitations.

The Hendersons argue in the alternative that the statute of limitations bars recovery for any installments due more than five years before the foreclosure action was commenced. (Doc. No. 18 at 3.) They are correct in noting that when a debt is payable in installments, "the statute of limitations runs against each installment from the time it becomes due." *Housley v. Hensley*, 100 Ark. App. 118, 126, 265 S.W.3d 136, 143 (2007) (citing *Karnes v. Marrow*, 315 Ark. 37, 864 S.W.2d 848 (1993); *Riley v. Riley*, 61 Ark. App. 74, 964 S.W.2d 400 (1998)). However, the optional acceleration clause again changes the equation: "[A] cause of action on an entire debt owed under an installment sales contract with an optional acceleration clause does not arise until the option is exercised." *United-Bilt Homes, Inc. v. Sampson*, 315 Ark. 156, 158, 864 S.W.2d 861, 862 (1993). Under the terms of the mortgage in this case, the lender had the option of declaring the *entire* debt "immediately due and payable" at a time of its choosing – "upon the occurrence of a default or anytime thereafter." (Doc. No. 15 at 26-27.) The claim did not accrue

until Defendants exercised the option.

Plaintiffs also argue the foreclosure action is barred by the doctrines of estoppel and laches. (Doc. No. 18 at 3.) They note the mortgage at issue was the second mortgage on the property, and they had continued to make payments on the first mortgage over the last fifteen years, making Defendants' enforcement of their junior lien at this late date inequitable. (*Id*.) The elements of equitable estoppel are as follows:

> (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that the conduct be acted on or must act so that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) the party asserting the estoppel must rely on the other's conduct and be injured by that reliance.

*Skallerup v. City of Hot Springs*, 2009 Ark. 276, at 7, 309 S.W.3d 196, 201. The doctrine of laches is similar:

> [The laches defense] is based on the equitable principle that an unreasonable delay by the party seeking relief precludes recovery when the circumstances are such as to make it inequitable or unjust for the party to seek relief. The laches defense requires a detrimental change in the position of the one asserting the doctrine, as well as an unreasonable delay by the one asserting his or her rights against whom laches is invoked.

*Royal Oaks Vista, L.L.C. v. Maddox*, 372 Ark. 119, 123-24, 271 S.W.3d 479, 483 (2008) (internal citations omitted). Laches is based on the assumption that the party to whom laches is imputed has knowledge of his rights and the opportunity to assert them, that by reason of his delay some adverse party has good reason to believe those rights are worthless or have been abandoned, and that because of a change of conditions during this delay it would be unjust to the latter to permit him to assert them. *Cochran v. Bentley*, 369 Ark. 159, 170, 251 S.W.3d 253, 263 (2007). Both estoppel and laches require "a showing of some sort that the party asserting the doctrine has suffered or changed its position as a result of the lack of diligence or delay in assertion of rights." *Id*.

The Court finds neither doctrine[2] is applicable in this instance. First, the Hendersons were not "ignorant of the facts" and did not have reason to believe Defendants' rights had been abandoned. The record contains twenty-four letters sent to Plaintiffs between the time they filed bankruptcy and the time Defendants instituted the foreclosure action, warning them that Defendants retained a lien against their property and were entitled to enforce it if the mortgage payments ceased. (Doc. No. 31 at 14-37.) Moreover, Defendants cannot be said to have unreasonably delayed the institution of the foreclosure action; it was commenced prior to the loan's maturity date of February 1, 2019, and, as outlined above, prior to the expiration of the statute of limitations. *See Rabjohn v. Ashcraft*, 252 Ark. 565, 571, 480 S.W.2d 138, 142 (1972) ("Laches does not come into play prior to the running of the statute of limitations, in the absence of some intervening equity which requires application of the doctrine."). And by the terms of the mortgage itself, Defendants were entitled to declare the entire debt immediately due and payable and "foreclose this Security Instrument" at "anytime" after Plaintiffs defaulted. (Doc. No. 15 at 26-27.) Finally, as Defendants point out, Plaintiffs cannot be said to have detrimentally relied on Defendants' inaction when they continued to make payments on their first mortgage. Those payments were required to avoid foreclosure.

For the reasons stated herein, Defendants' non-judicial foreclosure action is not barred by the statute of limitations, estoppel, or laches. Accordingly, the Hendersons' claims for declaratory judgment, injunctive relief, damages for the alleged slander of their credit, and quiet title all fail as a matter of law. The Court grants summary judgment in favor of Defendants and

---

[2] It is not clear whether Plaintiffs are asserting equitable estoppel or promissory estoppel. As Defendants point out, a claim of promissory estoppel is not cognizable here because the parties had a written contract. *See Skallerup*, 2009 Ark. 276, at 8, 309 S.W.3d at 201 ("Promissory estoppel applies when the elements of a contract cannot be shown.").

dismisses Plaintiffs' claims with prejudice.[3]

## V.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 14) is GRANTED.

2. Plaintiffs' Motion for Summary Judgment (Doc. No. 17) is DENIED.

3. Plaintiffs' Complaint (Doc. No. 2) is DISMISSED with prejudice.

DATED this 23rd day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Although Defendant Conseco Bank, Inc., did not join in the Motion for Summary Judgment filed by the other Defendants, the arguments raised therein inure to it as well.